Mr. Monds never had a prayer and this is the reason. This court has been somewhat consistent with its interpretation of the 404B rule. It has adopted certain principles such as care and precision in analyzing whether or not 404B is applicable. It talked about a when you are looking at evidence of a defendant's prior conviction. It talks about how the proffered evidence will work in the mind of a juror, having the prosecution explain that. It also talked about, in several of your cases, the remoteness of the conviction. And what finally I think is most significant, the principle exercise of discretion. That did not happen in this case. As a matter of fact, the district court judge indicated in its pre-trial ruling that it was compelled to do this. And I know there are three, and they are not really contrary opinions. If you look at Judge Grunder's opinion, the concurring exercise decision in the Turner case, they all adopt these principles. And the adoptions of these principles, we believe the district court judge, they want to give me more time the district court judge applied these principles. Now I understand the Eighth Circuit is a little bit more restrictive on the 404B as opposed to some of the other circuits, but at least you have been consistent in the principle that the district court judge has to go through these analysis. Now, with the Mons case, if you look at what he did, when the prosecutor is all pre-trial, and again, if you look at some of the other cases that are out there, it happens during cross-examination that the 404B application is applied. It could have come in during the rebuttal evidence of some sort if the 404B is applicable. However, in this case, in the motion in limine, the judge sat down with counsel, went through this analysis, and the court said, I'm compelled. What did they have? This is what he had. The district court judge had the argument that was knowledge. Knowledge only. That's not sufficient. He didn't go through a 403 analysis. He didn't ask the prosecution to show how it connected up. But what did Mr. Mons have? When I said he didn't have a prior, obviously he had five strikes against him pre-trial before the case started. This is what he had. He had a 2009 where he got a deferred judgment in Iowa that ultimately became a conviction in 2011, possession with intent. I could see that. And I don't think I would argue the possession with intent that was out there from 2009. Let's say, I still think it's a stretch because it was He had a marijuana conviction. Possession to sell marijuana in 2017. What in the world did the 2017 conviction of marijuana, of a delivery of marijuana, have to do with possession intent to sell cocaine? The facts are different. The underlining packaging is different. The money is different. All of these things are quite different. So the judge should have made that analysis. And he didn't. What's the other conviction? The other conviction is a conspiracy. And Judge Collinson, it's kind of like you outlined in the Cotton case. It was possession with intent, I believe, and also a conspiracy charge. And even though you say you're not adopting the dicta that was laid out in Judge Kelly's majority decision there, you do talk about the basic elements that a district court judge has to go through in its analysis of whether or not the 404B comes in. So we have these three prior felonies that are decided pre-trial. So at that point, the only thing that Mr. Mons can do is accept those three felonies and the defense is wrapped around there. Remember now, the district court judge is deciding this opinion and issuing his ruling saying he's compelled before he even knows what Mr. Mons' defense is going to be. Let's assume that Mr. Mons' defense is, hey, I know this is cocaine, but I'm going to use it. So therefore, does the government get a chance to bring these three convictions, this marijuana conviction in, without proper analysis, without a 403 analysis? No. Well, are you making a procedural argument only that the judge just didn't, on the record, go through the things that he should have gone through? Or are you saying that the only conclusion he could have reached without abusing his discretion is to exclude them? Because we have some cases, you know, where we've affirmed even though the judge didn't go through chapter and verse, and we've said, you know, if we can tell from the record that it was permissible, then we'll affirm. Well, first of all, I'll take those as two questions, Judge Collins, but first, I would think he didn't go through the analysis. That's pretty clear. That's on the record. So if you go through the record, you look at what the district court judge did. He didn't follow the analysis. He didn't hold the government to its standard with regard to it. Second of all, we're not saying it's simply procedural because you've made some substance tied into that because he has to do the analysis before marijuana comes in or before the conspiracy comes in. You even talk about it in your concurring opinion in the Cotton case. So he didn't even do that. He says he was compelled. If he says he's compelled, it's his exercise in discretion. Now let's go to the third tier of that argument. The third tier of that argument is then can you look at the whole record and say it would have come in anyway? Sure. You could do that, but if you look at it from the standpoint of this case, you have to look at it from the posture. He made this decision prior to the time that Mr. Mons had even outlined his defense. So he cut him off at the knees, and so his defense was pretty much set by the district court judge's ruling. Not only that- Well, wait a minute. Was there a request for a pretrial ruling?  Yeah. So why are you faulting him for deciding it at that stage? Well, he could have delayed it. It's discretionary, right? It's not mandatory. We're asking for a ruling. The judge could have delayed it rather than saying, hey, I'm just compelled at this point based upon this argument of knowledge. What does the sale of marijuana have to do with the underlining offense of possession with intent? Absolutely nothing. And he makes in his analysis in that fashion, he basically cuts him off at the knees and there's a felony coming in. The other one was conspiracy, so it comes in at that point. So you do- Did this come up again during the trial? It did not. There was no need to except for the second part of the argument when he lets two probation officers testify. Yeah, I know that part. But on the convictions, when they actually came in, did anybody stand up and say, well, Judge, you ruled before our defense was all laid out. And that's what we're going to tell the Court of Appeals, that you ruled too early. So we're going to give you another chance now to switch. I wish I could have set him up that way, but unfortunately I couldn't. So the only thing, we knew it was coming in. Why couldn't you? What do you mean? Why couldn't we bring it up again? Because he gave a limiting instruction, which actually is the thing that this court and all the other courts in the U.S. says also, go ahead and give a limiting instruction and you're pretty well protected. He gave the limiting instruction, but the damage was done at that point. Mr. Mons had no way out of this failure to use his discretion. Now I think we have to say, how does it tie into the ultimate issue of prejudice? We believe you can decide it without getting to the issue of prejudice, because I think it can be remanded on the basis that the court should have followed the analysis that's set up by the Eighth Circuit and his failure to do that deprived Mr. Mons of a fair trial. But obviously you can look at the prejudice here. You have three felonies, which only go to character in his argument. He's opposed to child. That's his argument. He's opposed to, if that's not propensity, I don't know what else could be. That was his argument. That's why they set us up to do that argument. Plus, we have this district court case that stipulates to where Mr. Mons was living. And it kind of ties into this argument, because when I said he had three strikes against him, he actually had five. Because the probation officer got on the stand and they both testify to the fact that Mr. Mons was on state probation and on federal probation. What is that other than the fact, this is a bad dude. Wasn't it about him living alone? Not that the location where he was living. True. True, Judge Coates. Is Coates, am I pronouncing it right? Okay. It's true, it goes to where he's living alone, but we agreed to stipulate he was living in the house. We had all the other evidence that came out during the trial pointing to that issue. So why did they have to put a probation officer on the stand to say, oh yeah, he was living alone? Because the defense was that Mr. Johnson, one of the, could have been co-defendants, was coming to the house with heroin in his pocket. So that was his defense, basically. And it was all packaged, hey, it could have been someone else packaging. That's a legitimate defense to this case. Which also goes to the issue that he had already proffered. The government knew he had proffered. So it ties into his sentencing issue, too, as to whether or not he was going to make a clean defense and then end up with an obstruction. He didn't end up with an obstruction. He attacked this case head on. He should have had that marijuana case out. He should have had the conspiracy case out from 2014. And the only felony that should have come in, even if you look at the remote argument, we think that's a pretty good argument, too, and that was the 2009 case or the 2011 case. So it was possible that all three of them could have come out. We could have had a clean defense. The defense would have still been the same. That if anything, he acknowledged it was cocaine. He didn't, he had no intent to deliver. So with those things, we think, and I, this court should reverse, it should follow the standard policy because the district judge said he was compelled. And also, he said, in the sentencing argument, which I can rebut later if the government argues, he says he was compelled in both cases. He didn't use his discretion in either case. And under the 404B analysis of the Eighth Circuit, you should require these district court judges to use their discretion. Because otherwise, defendants are not going to get a fair trial if all you have, prosecutors have to stand up and say, knowledge, knowledge, knowledge. And they say, okay, that's right. We don't have to do an analysis. You should require them to do an analysis. The stipulation didn't cover whether he lived there alone. It was said, yes, it's his home. He lived there. Now, I have to look, because I actually did the stipulation. I'd have to think back. Whatever, it is what it is, so to speak. From the government's brief, I didn't, I didn't go back and look at it. We weren't arguing that he did not live, we're not arguing that he lived there with some, that he lived there with someone else. Except your defense was based on Mr. Johnson, the fellow that broke his ankle running away. Right, with the heroin in his pocket. Nothing to do with cocaine. The interest of the defense was that he was a, he was residing with Mons and he was the bad guy. Oh, he had access to the house. Okay, so how, how does, how does the living alone evidence come in? Well, by a stipulation, I think we would have stipulated he lived alone, that Mr. Johnson did not live there, that he visited the home. And that this, the fact that these folks were probation officers, both state and federal. Was that discussed at all at the district court, either before or during trial. That this, a crucial aspect of this 404B evidence was the live alone issue. Right, well, I won't argue that's 404B, I'm arguing that probation went to character, right. Yeah, you're right, it could be a little bit of a character aspect of it too. I can't say, Judge, I know I argued that issue. It's fact, I mean it's almost, an intrinsic issue. Right, and we did present evidence such as his checks, his clothing, and all of that to show that he lived there. Our defense was that he was not packaging, etc. Thank you. Thank you. Mr. Call? Hi, you may please the court, Mr. Parrish. I'd like to start by talking about the laying out, maybe in just a very brief level of detail, how they were relevant to the issues that the jury had. The first conviction was the 2011 conviction involving possession with intent to distribute cocaine. So again, it's a possession with intent, just as we have here. We had to show an intent to distribute and it involves the same controlled substance. The second conviction was the conspiracy to distribute cocaine based. So again, it's involving the same substance, going specifically to knowledge as well as, again, with the intent to distribute. The third conviction Mr. Parrish has talked about is the 2017 marijuana conviction. This the circumstances of the offenses need not be identical here where we have to prove an intent to distribute. The fact that he has intended to distribute another controlled substance is probative of his intent here. Mr. Parrish talked a good deal about knowledge being the only issue and with respect to the 404B evidence and that's really not correct. Well, I've been just, I was just reading again the long quote on 18 and 19 of what the government argued on 18 and 19 of the blue brief. It leads off with knowledge, then really the major issue here is with respect to intent. So the prior, and then a few lines down, so the prior convictions go to defendant's knowledge of how these drugs are prepared. It was a very passing reference to intent. So you're, now you're, now you seem to be saying okay look at the whole record and forget what was argued to the district court pre-trial. Well, I'm not arguing that knowledge was not an issue. Knowledge certainly was and that certainly was one of the reasons why we offered the evidence the prior convictions, but the intent to distribute was and the knowledge of, to get to the courts. How does knowledge to packaging crack and cocaine demonstrated by a prior marijuana conviction? Well, because there's the issue of the intent to distribute and knowledge of this is packaging material, this is a drug dealer's tools of the trade, if you will. Sounds like propensity to me, so he distributed one drug, he must have distributed these two kinds of drugs too. We would argue that it's not propensity, that it's not character evidence that it shows. Well, on the intent to distribute, one point that I think bears mentioning is the defendant asked for and received an instruction on the lesser included offense of mere possession. Now that had been raised pre-trial, so we knew going in that we, the government, would have to prove the intent to distribute that that was going to be potentially a fighting issue. Again, looking at the cases this court has decided that are cited in the briefs, these prior convictions are not beyond the pale. These are well within the time frames, well within the fact patterns where this court has previously affirmed based on the government's obligation to prove both knowledge and intent to distribute. The defendant, as I indicated, asked for that lesser included offense. He suggested that somebody else was responsible for these as well as making a claim that he didn't understand that these materials were in fact indicia of drug trafficking. The court, in terms of the time frame, this court has concluded that 11 years, 12 years is within the realm of admissible evidence here, even taking the conviction we're going back only eight years. We've never said the judge is compelled to let those in when they're that old. We've said it's not an abuse of discretion to do so under particular circumstances. Is the government arguing to the judges that they're compelled to let them in? Is that where that idea came from? I don't read Judge Gritzner's comment as he wasn't exercising his discretion. I think he clearly put the government through its paces and requiring us to identify with some specificity why we were offering that evidence, why we thought it was relevant, why we thought it was not character evidence under Rule 404B. The fact that the experienced district judge used that phrase does not, in the government's mind, indicate that he did not understand that he had discretion. Certainly the abuse of discretion is the standard we're looking at here, and that would have been the discretion that the district court judge was exercising. Judge Gritzner, for example, talks about the earlier conviction maybe being a closer call because of the age, although he ultimately concluded it would be admissible. But that sort of colloquy is good evidence that the district judge understood he was acting within his discretion. I want to focus just a bit on this question of the closing argument that Mr. Parrish was suggesting was a propensity argument based on the prior convictions. The government did not mention the prior convictions in the closing argument. In fact, the statement about the defendant being a, quote, poster child for a drug dealer is based on the evidence that was seized at his residence. The prosecutor stated that every single solitary piece of evidence that was found in the house establishes the defendant was a drug dealer. There was no reference to the prior convictions during any of the government's arguments. It was based, again, on that trial evidence. With respect to the testimony of the probation officers, that testimony was fairly brief. I think each probation officer testified for maybe 10 pages of the transcript. It was relevant to, as indicated in the questioning earlier, it was relevant to show not only that the defendant lived there, but that the defendant lived at 518 Rose alone. And that is, as indicated by the Morris decision cited in our brief, the inference of dominion and control is particularly strong when somebody is living at the residence alone. Was that testimony part of the motion in limine? There was a motion in limine to exclude that evidence. As I read the record below, the suggestion was made that the defendant would stipulate that he lived there. There's no suggestion that the defendant would stipulate that he had lived there alone. That makes a difference to the government, we think. And when he was making those statements, he had a meeting with the state probation officer that very afternoon where he was telling the state probation officer, yes, I lived there alone. The prior convictions were simply listed as to date and offense. I don't understand how the prior convictions get mixed in with the probation officer testimony. I know opposing counsel says he really had five strikes, and I understand as a the same issue. So were they argued together pretrial? And if not, was there a new objection to the probation officers at trial? There was no additional objection made when the probation officers gave their testimony. It was the argument here is preserved, as I understand it, based on rulings in limine. It gets mixed up maybe to the extent that we offered the certified records of the prior convictions into evidence with the relevant probation officers just because they happen to be the convenient witness on the stand who could offer that evidence, and then that would explain very generically to the jury why the defendant was under court supervision. Okay. But I would think their testimony as to the appearing at the door and the arrest and so forth, that's intrinsic. That's not 404B. It might have a 403 issue. Right. And there are three probation officers. Were those parsed out for the district court, or did it just all happen? Well, I mean, I think it was parsed out because Officer Smith, who was the arresting officer, his role was to... No, no. Don't tell me everything that happened just in terms of these issues. How were they presented and decided? Was the fact that the probation officer's testimony revealed the fact that he was on probation, which was prejudicial, was that separately argued from the prior convictions? Yes. Yes. That's how I... Pre-trial or at trial? Pre-trial. Pre-trial. Okay. So the ruling encompassed that. Right. Okay. Right. Finally, very briefly with respect to the sentencing issue, this is not the narrow, rare circumstance where a defendant should receive credit for acceptance of responsibility even though he went to trial. Mr. Parrish talked about the district court not having the standard of review here is one of clear error with great deference given to the trial court's decision. I think what Judge Grissner was conveying, again, an experienced district court judge understanding that the law of this circuit and the instructions and the guidelines are that a defendant who goes to trial to receive acceptance of responsibility is a very rare case. It has to do with situations where a defendant is trying to preserve some legal issue. Here, the defendant made a general denial. Defense challenged all of the government's evidence through vigorous cross-examination and advocacy. The fact that the defendant made a statement that the government, of course, could not use because it was made under the protections of a proper agreement should not by itself entitle a defendant to acceptance of responsibility if he chooses to go to trial. Unless the court has further questions, I would otherwise ask that the convictions be affirmed and ask that the arguments in the brief be considered. Very good. Mr. Parrish, you have some time. Judge Loken, to go right to the point that you asked about with regard to Judge Grissner exercising his discretion, I believe it also ties into Judge Collinson's question, too. You actually mentioned the Turner decision that Judge Kelly had written. Then he says, well, Judge Grunda has a different decision. He says, well, it's not that great. And that's why I'm saying that I believe this court needs to outline to the district court judge, they can't pooh-pooh these things. They have to outline in certain detail what it means to analyze it. What does a marijuana conviction have to do with a possession with intent? You have to go through these areas. All has been pointed out. What about the packaging? How about it's put together? In this case, there were no drug receipts. In this case, there was an explanation for the money. There were no fingerprints. Johnson was coming to the house. So what does the marijuana sale that took place in 2017 have to do with anything else? The other thing that you asked, Judge Loken, was whether or not in this instance the two were combined. And that is the pretrial on the probation officers and the pretrial on the three prior convictions. They were. They were argued pretty strongly. And I think when you indicated you didn't look at the record on that, the government says, well, this is pretty de minimis to add two probation officers because we already have the three felonies in. Are you kidding me? What's de minimis about adding basically character evidence that Mr. Mons is a bad guy, that he was not only on state probation but on federal probation also. Now, the only thing we have to really bolster. They may have argued it that way. I would have said, wait a minute, the probation officer testimony as to what happened that day is intrinsic. Correct. It may, if it inevitably reveals the fact that he was on probation, that's only a 403 issue. It is a 403, but unfortunately he didn't do the 403 analysis. Right. And when the judge says, I think when the district court judge says they are compelled without doing the analysis and go back to Judge Collinson's argument, that's a problem. That's a serious problem. If district court judges can say, we don't have to analyze how it ties in. We don't analyze how it's going to impact the jury. We don't have to analyze how it ties into intent. We don't have to analyze whether it goes to accident, absence of mistake, and all of these things. I mean, what is the purpose of us having the 404B? It's a rule of exclusion. It's not. I mean, inclusion, not a rule of exclusion. I know. I read. And you're right. I overstated my argument on that point. However, however, you do adopt the fact that the district court judges have to go through this analysis. That's the error. And I think if you look at the evidence, it's not as strong as all of the other arguments and all the other cases where you say, we can look at the whole case and excuse the fact that the judge didn't use discretion. This is not that case. We believe the rest of this case should be reversed, sent back, allow this young man a chance to have it retried. He's facing an enormous penalty in this case, and he did not get a fair trial. Thank you, Your Honor. Thank you, counsel. Case has been well briefed.